UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CR: 05- |
| : | |
| v. : | Violation: 18 U.S.C. § 1341 (Mail Fraud) |
| : | |
| **MARTHA K. DINAN,** : | |
| **Defendant.** : | |

**INFORMATION**

The United States informs the Court that:

**COUNT I**
**(Mail Fraud)**

1. At all times relevant to this Information, The American Healthcare Association (the "AHCA") was a non-profit federation of health care organizations. It represented the interests of more than 10,000 non-profit and for-profit long tem care institutions before Congress, business leaders and the public.

2. At all times relevant to this Information, the defendant, Martha K. DINAN, was employed by the AHCA as either a contract employee or a permanent employee with the job title of "Director of Conventions and Meeting Services." In this capacity, DINAN was required to plan and co-ordinate all functions related to AHCA's conventions and meetings, including identifying sites, developing convention schedules, and promoting the events. DINAN also hired vendors to provide services at the various meetings and conventions that she organized. Her salary for performing these

tasks was $80,000.00 per year.

## The Scheme

3.      From in or about December, 2003, and continuing through May, 2005, DINAN devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

## The Purpose of the Scheme

4.      It was the purpose of the scheme for DINAN to enrich herself by stealing money from AHCA through two different types of false representations.  First,  DINAN caused AHCA to pay fake invoices by representing that the invoices were incurred for meeting-related services when, as DINAN then well knew, the company that purportedly issued the invoices, the "DEMM" company, did not exist, no such services were provided to AHCA, and the checks that AHCA made out to "DEMM" were deposited into DINAN's personal bank account for the purpose of supporting her personal living expenses.  Second, DINAN made personal charges on her corporate credit card and caused AHCA to pay those charges by falsely representing that those charges were incurred in connection with her official AHCA business.

## Manner and Means of the Scheme

5.      It was a part of the scheme to defraud that DINAN created fake invoices in the name of a company called "DEMM" for services that DEMM purportedly rendered to AHCA.

6.      It was a part of the scheme to defraud that DINAN presented the fake DEMM invoices to AHCA and asked AHCA to pay them in full.

7.      It was a part of the scheme to defraud that DINAN received the AHCA checks made payable to DEMM by telling AHCA personnel that she was planning on sending the check to DEMM

personally.

8.  It was a part of the scheme to defraud that DINAN instead deposited the checks that AHCA had written to DEMM into her personal bank accounts at BB&T and Suntrust banks. By the time that DINAN's employment at AHCA was terminated, she had caused AHCA to pay to her, through checks that it issued to DEMM, $51,782.00 for services that never were rendered.

9.  It was further a part of the scheme to defraud that DINAN entered into an agreement with AHCA whereby she was issued an American Express corporate credit card. When she was authorized to use the credit card, DINAN expressly agreed that she would use it for business expenses and not personal purchases.

10. It was a part of the scheme to defraud that DINAN made personal charges on her American Express corporate credit card. These personal charges included, but are not limited to, spa services, restaurant meals, clothing, and electronic equipment.

11. It was a part of the scheme to defraud that DINAN falsely represented to AHCA that these personal charges on her American Express corporate credit card were business expenses incurred on behalf of AHCA.

12. It was a part of the scheme to defraud that, through these inducements, DINAN caused AHCA to pay American Express for these personal charges. In this manner, DINAN caused AHCA to pay for $12,837.59 in personal expenses charged to her American Express corporate credit card.

Use of the Mails

13. On or about April 13, 2005, in the District of Columbia and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, DINAN did

knowingly cause to be delivered by mail according to the direction thereon and did cause to be placed in the mail check number 13024 drawn on the AHCA operating account at BB&T Bank payable to American Express in the amount of $45,860.00, of which $2074.52 was attributable to fraudulent expenses charged by Dinan to her American Express corporate card.

**(Mail Fraud, in violation of 18 U.S.C. § 1341.)**

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
Sarah T. Chasson
Assistant United States Attorney
D.C. Bar. No. 448-994
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-7248