UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | FILED |
| : | |
| : | JAN 1 9 2006 |
| : | |
| : | NANCY MAYER WHITTINGTON, CLERK |
| v. : | U.S. DISTRICT COURT |
| : | CR: 05-453-01 |
| : | |
| MARTHA K. DINAN, : | *Let this be filed* |
| : | *Royce C. Lamberth* |
| Defendant. : | *U.S.D.J. 1/19/06* |
| : | |

**STATEMENT OF OFFENSE**

The United States and Martha Dinan agree that the following facts are true and correct:

The American Healthcare Association (the "AHCA") is a non-profit federation of health care organizations. It represents the interests of more than 10,000 non-profit and for-profit long tem care institutions before Congress, business leaders and the public. In April, 2003, defendant Martha Dinan was hired as a contract employee at AHCA. November, 2004, Dinan's employment with AHCS became permanent. Regardless of her employment status, however, Dinan functioned as AHCA's Director of Conventions and Meeting Services. Dinan's job duties included organizing AHCA's conventions and meetings by identifying sites and vendors, as well as developing meeting schedules and promoting the events.

Within one month of starting her new position, Dinan began stealing money from the AHCA. First, Dinan created invoices in the name of a phony company called "DEMM" on her AHCA computer. On the invoices, Dinan represented that DEMM was a "specialist in quality staging and

1

theatrical productions." Dinan then presented these invoices to AHCA for payment. AHCA paid the DEMM invoices using checks drawn on AHCA's operating account and gave them to Dinan for the purpose of remitting the checks to DEMM. Instead, Dinan deposited the checks into her personal bank account. By the time that Dinan's employment at AHCA was terminated, she had caused AHCA to pay to her, through checks that it had issued to DEMM, $51,782.00 for services that never were rendered.

Dinan also stole from AHCA by charging personal items to her corporate American Express card. Dinan was issued an American Express card for the purpose of charging convention-related expenses directly to AHCA. When she was issued this card, Dinan acknowledged that she would not use this card to make personal purchases. Nonetheless, Dinan began charging personal items to the credit card and representing that these purchases were incurred on behalf of AHCA. The personal charges that Dinan caused AHCA to reimburse on her American Express card included spa services, restaurant meals, clothing and electronic equipment. AHCA made payments to American Express on behalf of Dinan and other AHCA employees by checks drawn on AHCA's operating account that were sent to American Express through the United States mails. By the time that her employment with AHCA was terminated, Dinan had caused AHCA to pay for $12,837.59 in personal charges that she made to her American Express card.

I affirm under penalty of perjury that the foregoing is true and correct.

*Martha K. Dinan*
Martha K. Dinan