

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

Judiciary Center
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

**FILED**

September 1, 2005

JAN 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*hut this be filed.*
*Royce C. Lamberth*
*U.S.D.J. 1/19/06*

**By Facsimile: 301-770-3756**
Robert Price, Esq.
6424 Earlham Drive
Bethesda, MD 20817

Re:    United States v. Martha Dinan
          CR 05-453

Dear Ms. Price:

This letter sets forth the full and complete plea offer to your client, Ms. Martha Dinan. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on September 23, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.     **Charges:** Ms. Dinan agrees to plead guilty to Count One of the attached Information charging a violation of Title 18, United States Code, Section 18 U.S.C. § 1341 (Mail Fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Dinan and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Dinan agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Dinan's actions and involvement in the charged crime. It is anticipated that during the Rule 11 plea hearing, Ms. Dinan will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.     **Potential penalties, assessments, and restitution:** Ms. Dinan understands that the maximum sentence that can be imposed is twenty years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Dinan understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines"). Ms. Dinan understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Dinan further understands that if the Court imposes a sentence that is in any way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however,

limit Ms. Dinan's right to appeal an unlawful or unreasonable sentence or to appeal the district court's application of the Sentencing Guidelines.

 3.     **Federal Sentencing Guidelines:** The parties agree that the following is a correct calculation of all relevant Sentencing Guideline factors:

| | | |
|---|---|---|
| 2B1.1(a) | Base Offense Level | 7 |
| 2B1.1(b)(E) | Loss greater than $30,000 | 6 |
| 3E1.1 | Acceptance of Responsibility | (-2) |
| TOTAL | | 11 |

 Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Ms. Dinan in this case. In the event that this plea offer is either not accepted by Ms. Dinan or is accepted by Ms. Dinan but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

 4.     **Financial Arrangements:** Ms. Dinan agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Ms. Dinan also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

 5.     **Waiver of Rights:** Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Dinan expressly warrants that she has discussed these rules with her counsel and understands them. Ms. Dinan voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Ms. Dinan understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

 6.     **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Ms. Dinan's criminal activities. In addition, Ms. Dinan acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case

pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7.    The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8.    If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9.    **Government Concessions**: In exchange for her guilty plea, the government agrees not to oppose Ms. Dinan's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees to request a sentence at the low end of the applicable Sentencing Guidelines range, and agrees not to oppose Ms. Dinan's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Dinan continues to show her acceptance of responsibility by:  (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested);  (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter;  (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court.  Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Dinan in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the outlined in the attached Statement of Offense.

10.    **Court is not bound:** Ms. Dinan understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

11.    **Breach of Agreement:** Ms. Dinan agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement.  In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Dinan's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Dinan will not have the right to withdraw the guilty plea; (c) Ms. Dinan shall be fully subject to criminal prosecution for any other crimes which she has

committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Dinan, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

12.    **USAO's Criminal Division Bound**: Ms. Dinan understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Dinan.

13.    **Complete Agreement**:    No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Dinan, Ms. Dinan's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Dinan may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Dinan and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:    SARAH T. CHASSON
Assistant United States Attorney

4

I have read this plea agreement and have discussed it with my attorney Robert Price, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1-19-06

Martha Dinan
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/19/06

Robert Price, Esquire
Attorney for the Defendant

5